IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-3370-CV-W-ODS |
| | ) | |
| $11,511.00 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION GRANTING MOTION FOR RECONSIDERATION AND DENYING MOTION TO DISMISS

Pending is the United State's Motion for Reconsideration of the Court's Order Dismissing Complaint(Doc. #27). For the following reasons, the motion is granted, and Claimant's Motion to Dismiss is denied.

On January 14, 2002, $11,511.00 was seized by C.O.M.E.T, the Combined Ozarks Multi-Jurisdictional Enforcement Team, pursuant to a search conducted at Claimant Austin's residence. The money was transferred from COMET to a Federal Law Enforcement Agency after the civil complaint was filed on September 19, 2006. On July 26, 2007, the Court granted Claimant's Motion to Dismiss, citing 18 U.S.C. §983(a)(1)(A) (iv), which states "notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency." If the Government fails to send said notification, "the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time." 18 U.S.C. §983(a)(1)(F). Claimant contended the attempted forfeiture was untimely based up on §983(a)(1)(A) (iv), a contention with which the Court initially agreed. The Government devoted the majority of its response to an attempt to persuade the Court that the suit was timely even under 18 U.S.C. §983(a)(1)(F). In the midst of a single sentence, the Government referred to section 1621, but this isolated reference was insufficient to fully explain the Government's position and was lost in the Government's attempt to persuade the Court the suit was timely under §983. The Court

reasoned that the Government provided notice within 90 days of its receipt from COMET, but this was not the triggering event specified by Congress, and granted Claimant's Motion to Dismiss for failure to provide timely notice.

The United States filed its Motion for Reconsideration, alleging the Court applied the incorrect statute. A closer examination of the Complaint indicates the Government is correct. The claim was brought pursuant to 21 U.S.C. §881(a)(6), stating "moneys . . . furnished . . . by any person in exchange for a controlled substance" are subject to forfeiture pursuant to procedures set forth in 18 U.S.C. §981. Section 981(d) states "provisions of the customs laws relating to the seizure, summary and judicial forfeiture, condemnation of property for the violation of the customs laws, the disposition of such property or the proceeds form the sale of such property under this section, the remission or migration of such forfeiture, and the compromise of claims (19 U.S.C. §1602 et seq) insofar as they are applicable and not inconsistent with the provisions of this section. . ." 19 U.S.C. §1621 states "[no] suit or action to recover any duty . . . or any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit of action is commenced within five years after the time when the alleged offense was discovered." The government filed this action on September 19, 2006, which is well within five years of January 14, 2002. Accordingly, the Government filed the instant action and provided timely notice. Claimant's Motion to Dismiss is denied.

IT IS SO ORDERED.

                                             /s/ Ortrie D. Smith
                                             ORTRIE D. SMITH, JUDGE
DATE: August 30, 2007                 UNITED STATES DISTRICT COURT