UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 06-3370-CV-S-ODS |
| $11,511.00 in U.S. Currency, | ) |
| Defendant. | ) |

ORDER AND OPINION SETTING FORTH FINDINGS OF FACT AND
CONCLUSIONS OF LAW IN SUPPORT OF JUDGMENT IN FAVOR OF PLAINTIFF

I. FINDINGS OF FACT

    1. On December 12, 2001, Officer David Southard, a detective with the Ozarks Police Department assigned to the Combined Ozarks Multi-jurisdictional Enforcement Team (COMET) made an undercover controlled buy of 1.76 grams of methamphetamine from Jeffrey B. Austin (Claimant).

    2. On January 11, 2002, a confidential informant working for COMET (later identified as Mikki Bayne) made a controlled buy of 3.44 grams of methamphetamine from Claimant.

    3. On January 14, 2002, officers executed a state search warrant at Claimant's home located at 1814 S. Ferguson. Officers located MY WEIGH digital palm scales, a pencil torch, numerous empty small zip lock bags and $8,000.00 in U.S. currency located in Claimant's coat. There were numerous firearms and ammunition also located in the home.

    4. Also on January 14, 2002, Claimant was arrested during a traffic stop away from his home and business for officer safety. Approximately $3,511.00 in U.S. currency was located on his person.

    5. On January 24, 2002, officers executed a state search warrant at Claimant's business, known as Crown Comics. At Crown Comics, officers discovered four plastic

bags containing solid substances which tested positive for methamphetamine. Officers also found marijuana and drug paraphernalia, including digital scales.

      6. Claimant did not receive significant financial benefit or income from Crown Comics.

## II. CONCLUSIONS OF LAW

      The Controlled Substances Act (CSA) provides for the forfeiture of "[a]ll moneys . . . or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . . in violation of the [CSA], all proceeds traceable to such an exchange, and all moneys, . . . used or intended to be used to facilitate any violation of [the CSA]." 21 U.S.C. § 881(a)(6). The Civil Asset Forfeiture Reform Act (CAFRA) significantly modified the procedural aspects of civil forfeiture, giving the United States the burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1); United States v. Real Property Located at 3234 Washington Ave., 480 F.3d 841, 842-43 (8th Cir. 2007).

      To prove that the property is subject to forfeiture, CAFRA provides that the United States must establish, by a preponderance of the evidence, a "substantial connection" between the property and the offense. 18 U.S.C. § 983(c)(3); Real Property at 3234 Wash. Ave., 480 F.3d at 843. The United States need not prove that the money was traceable to a specific transaction; it need only prove by a preponderance of the evidence that the money was substantially connected to drug trafficking in general. United States v. $52,000.00 in U.S. Currency, 508 F. Supp. 2d 1036, 1040 (S.D. Ala. 2007). The Government is permitted to use both circumstantial evidence and hearsay to show the substantial connection between the property and the offense. $52,000.00 in U.S. Currency, 508 F. Supp. 2d at 1040 (citing United States v. 3402 53rd St. W. Bradenton, FL, 178 Fed. Appx. 946, 947 (11th Cir. 2006)). See also United States v. Four Parcels of Real Property in Alabama, 941 F.2d 1428, 1440 (11th Cir. 1991). The court "should evaluate the evidence presented with a common sense view to the realities of normal life." Id.

If the United States meets its burden, the burden shifts to the claimant to prove by a preponderance of evidence that the property is not subject to forfeiture. 18 U.S.C. § 983(d)(1); Real Property at 3234 Wash. Ave., 480 F.3d at 843; $52,000.00 in U.S. Currency, 508 F. Supp. 2d at 1040. The claimant's evidence must be credible and be more than a proffer that the property was derived from legitimate sources. See United States v. $149,442.43 in U.S. Currency, 965 F.2d 868, 877 (10th Cir. 1992).

The Court finds that the United States demonstrated by a preponderance of the evidence a substantial connection between drug transactions and the defendant currency. At trial, the United States called witnesses who were involved in the undercover investigation of Claimant. These witnesses testified that Claimant was a drug dealer who derived proceeds of drug sales in the form of U.S. currency. Claimant's residence and business were found to contain drug trafficking paraphernalia, such as digital scales, plastic baggies, firearms, and illegal drugs. Likewise, the significant sum of currency possessed by Claimant is itself evidence of drug trafficking.

In return, Claimant offered no proof to demonstrate to the Court that the defendant currency had no substantial connection to illegal drug activity. Claimant was required to have credible evidence, not just a proffer of possible legitimate sources. The Court finds that Claimant's employment at Crown Comics, especially with its limited hours of operation, was not the source of the $11,511 in cash. Because Claimant did not meet his burden, the Court must enter a judgment of forfeiture in favor of the United States.

IT IS SO ORDERED.

DATE: April 8, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT